AARON M. COHN, ESQ. (SBN 264756)
acohn@wwhgd.com
WEINBERG WHEELER HUDGINS
 GUNN & DIAL, LLC
3350 Virginia Street, Suite 500
Miami, FL 33133
Telephone: (305) 455-9133
Facsimile: (305) 455-9501
*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WEATHERFORD,<br><br>Petitioner,<br><br>v.<br><br>SAFEGUARD METALS, LLC, a California limited liability company, JEFFREY SANTULAN, individually,<br><br>Respondents. | CASE NO. 22-cv-07239-MEMF-MAR<br><br>**REPLY MEMORANDUM IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD**<br><br>HEARING DATE: 03/16/2023<br>HEARING TIME: 10:00 a.m.<br><br>Hon. Maame Ewusi-Mensah Frimpong |

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, 13, Petitioner, Charles Weatherford ("Petitioner" or "Weatherford"), hereby submits this Reply Memorandum in Support of his Petition to Confirm Arbitration Award [Dkt 1], which is set for hearing at the date and time indicated above, and, in support

thereof, states as follows:

## REPLY MEMORANDUM

Petitioner brought an arbitration against Respondents, Jeffrey Santulan ("Santulan") and Safeguard Metals, LLC ("Safeguard Metals" and, together with Santulan, "Respondents") for misrepresentations in connection with investment advice and sales of purportedly numismatic and semi-numismatic coins. [Dkt 1-1]. On September 30, 2022, the arbitrator issued a final award in favor of Petitioner [Dkt. 1-4], who now seeks confirmation by way of entry of a final judgment thereon pursuant to Section 9 of the Federal Arbitration Act.

## FACTUAL BACKGROUND

On October 4, 2022, Petitioner timely filed this Petition to Confirm the Arbitration Award (the "Petition"), requesting the Court enter final judgment in his favor on the award, as well as to retain jurisdiction to enforce the judgment entered thereon. [Dkt. 1].

As provided in the arbitration agreement and Federal Arbitration Act, Petitioner can petition for confirmation of an award to have it confirmed and entered as a final judgment. The Petition includes all of the necessary elements required by 9 U.S.C. § 13, including:

    (a)    The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.

    (b)    The award.

        (c)    Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

[9 U.S.C. § 13]

The requirements of FAA §13 are satisfied by the Petition. Specifically, the agreement to arbitrate is attached as exhibits to the Statement of Claim as <u>Exhibit 1</u> to the Petition. [Dkt. 1-1]. There was no additional arbitrator or umpire selected or appointed beyond that reflected in the letter of appointment attached to the Petition as <u>Exhibit 2</u>. [Dkt. 1-2]. There was no extension of time, and the hearing took place in accordance with the schedule set forth in the Arbitrator's scheduling order attached to the Petition as <u>Exhibit 3</u>. [Dkt. 1-3]. Lastly, the award is attached to the Petition as <u>Exhibit 4</u>. [Dkt. 1-4]. All the notices and other papers regarding confirmation have been filed in this action, to which Respondents have received notice.

## DISCUSSION

### A. The Petition is a "motion" under applicable law and ripe for confirmation

Under Section 6 of the Federal Arbitration Act, any application to the Court — which includes a petition — is treated as a motion. 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.") The FAA does not provide any other means for confirmation, and courts across the country treat petitions for confirmation as

motions. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 108 (2nd Cir. 2006). *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 585 (D.C. Cir. 2020) ("By subjecting petitions for confirmation to "the law for the making and hearing of motions," the FAA simply directs that the initial filing of the party seeking confirmation must be treated as a motion rather than a pleading"); *Poseidon Compania Naviera S.A. v. Gen. Co. for Silos & Warehousing*, No. CIV. A. 90-1436, 1991 WL 149703, at *1 (D.D.C. July 15, 1991) ("Petition to Confirm must be treated as a motion pursuant to Section 6 of the Federal Arbitration Act ("Act")"); *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 243 (3d Cir. 2021) ("a petition to confirm an arbitration award under the FAA is "a motion, not a pleading."). *See also, Profitstreams, LLC v. Ameranth, Inc.*, No. 11 CV 0766 MMA JMA, 2011 WL 3610696, at *3 (S.D. Cal. Aug. 17, 2011) (holding that the petition reasonably may proceed as a motion under the FAA, and is subject to the Federal Rules governing motion practice, not pleadings.); *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F3d 98, 115-116 (2d Cir. 2012) (holding that a petition to compel arbitration brought under 9 U.S.C. § 4 could not be dismissed pursuant to Rule 41(a)(1)(A)(i) because a petition was a motion, and not a pleading subject to an answer).

Respondents responded to the Petition by appearing and filing an answer [Dkt. 13] (the "Answer"), which should be treated as a response to the petition/motion. *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d.

at 585; *Phuc Quang Le v. Humphrey,* 2010 WL 11549925 (N.D. Ga. Nov. 5, 2010), at *1.

Thus, this matter is ripe for confirmation.

### B. The arbitration award must be confirmed as a final judgment

Absent relief from the award under Sections 10 or 11 of the FAA, the award must be confirmed as a final judgment under 9 U.S.C. §§ 9 (requiring entry of judgment on an award absent relief) and 13 (requiring docketing of a judgment). *See Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 687 (2008); *ValueSelling Associates, LLC v. Temple,* 2011 WL 2532560 (S.D.Cal. June 23, 2011); *Int'l Thunderbird Gaming Corp. v. United Mexican States,* 473 F.Supp.2d 80, 83 (D.D.C. 2007) ("in the absence of a legal basis to vacate, this court has no discretion but to confirm the award").

In their Answer, Respondents raise affirmative defenses but do not provide any basis for granting relief from the Arbitration Award under Sections 10 or 11 of the FAA. As those are the exclusive grounds for relief, there is no basis to deny the Petition. *See Hall Street Assocs.*, 552 U.S. at 584, 594. Further, the burden of establishing grounds for vacating an arbitration award is on the party seeking to vacate the award. *Kim-C1 v. Valent Biosciences Corp.,* 756 F.Supp.2d 1258, 1272 (E.D.Cal. Nov. 22, 2010); *United States Life Ins. V. Superior National Ins. Co.,* 591 F.3d 1167, 1173 (9th Cir. 2010). *See also, Kyocera Corp. v. Prudential-Bache Trade Services, Inc.,* 341 F.3d 987, 1002-3 (9th Cir. 2003) (holding that appellant

Kyocera's assertions that the arbitrators had "exceeded their powers" merely recited the statutory standard set forth by Section 10 of the FAA, and finding that the arbitration award's confirmation by the district court was correct in holding that "Kyocera has presented no valid ground for vacating, modifying or correcting the arbitral award under the statutory -and only proper- standard of review").

Here, Respondents assert in their affirmative defenses that the arbitrator exceeded his powers and that there was "evident material miscalculation of figures" referred to in the Award, but Petitioners present no evidence to support these assertions or any other conduct that approaches the type that warrants vacatur, modification or correction under the FAA.

Moreover, relief against an award is only appropriate in extreme circumstances, and neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute. *See Id.,* at 994; *ValueSelling Associates,* 2011 WL at *3. In fact, confirmation of the award is required even in the face of erroneous findings of fact or misrepresentations of law. *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 784 F.2d 902, 906 (9th Cir. 1986); *George Day Construction Co. v. United Brotherhood of Carpenters,* 722 F.2d 1471, 1477 (9th Cir. 1984).

Judicial review of arbitration awards is "both limited and highly deferential" and the award must be confirmed unless it is completely irrational" or constitutes a "manifest disregard of the law". *French,* 784 F.2d at 906; *Am. Postal Workers*

*Union AFL-CIO v. U.S. Postal Serv.,* 682 F.2d 1280, 1284 (9th Cir. 1982); *Comedy Club, Inc. v. Improv West Assocs.,* 553 F.3d 1277, 1288 (9th Cir. 2009); *Poweragent Inc. v. Elec. Data Sys. Corp.,* 358 F.3d 1187, 1993 (9th Cir. 2004). No extreme circumstance, or manifest disregard of the law, has been raised by Respondents or is presented by this situation. The award was issued in the normal course.

## CONCLUSION

The Arbitration Award was properly entered on September 30, 2022, finding Respondents liable for using materially false and misleading statements to induce Claimant to invest with Respondent Safeguard, providing biased and self-interested investment advice, and misrepresenting and concealing mark-ups and providing materially false and inflated valuations of Claimant's accounts (the "Award") [Dkt. 1-4].

This Petition satisfies the requirements of FAA §§ 9 and 13, and there is no basis on which the Award could be "vacated, modified or corrected" under FAA §§ 10 or 11. The Court should confirm the Award.

WHEREFORE, the Court should confirm the Arbitration Award and enter final judgment thereon in the form proposed herewith as Exhibit 1, and grant such other relief as the Court deems just and appropriate.

DATED this 9th day of February, 2023.

/s/ *Aaron M. Cohn*
Aaron M. Cohn, Esq.
SBN 264756
acohn@wwhgd.com
dmallqui@wwhgd.com
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
3350 Virginia Street, Suite 500
Miami, Florida 33132
Telephone: (305) 455-9133
Facsimile: (305) 455-9501
*Attorneys for Petitioner*
CHARLES WEATHERFORD

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, and that on the 9th day of February, 2023, the foregoing **MEMORANDUM IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD,** and exhibits, was served by email on the represented defendants to:

**SERVICE LIST**

Paul A. Rigali (SBN 262948)
prigali@larsonllp.com
cowens@larsonllp.com
jbehnke@larsonllp.com
hpark@larsonllp.com
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Fax: (213) 623-2000

Attorneys for Respondents

                                        */s/ Diana Mallqui*
                                           Diana Mallqui